IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORGE GALEAS-MENCHU-EL, JR.,   )
                               )
                 Petitioner,   )
                               )
         v.                    )        1:22CV909
                               )
EDDIE M. BUFFALOE, JR,         )
                               )
                 Respondent.   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner used the required § 2254 Forms, but did not complete much of the information on the form. He must complete the forms.

3. Plaintiff's claim consists of conclusory legal jargon which is not fully understandable as a coherent claim. He must a state proper claim for relief

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise

correcting the defects noted.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 31st day of October, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**